IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECHEL HOLDINGS, INC., d/b/a ERGOGENIX, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-12-2360 |
| vs. | § § | |
| BRIAN CLAPP and DYNAMIC SPORTS NUTRITION, INC. d/b/a ANABOLIC RESEARCH, LLC, | § § § § | |
| Defendants. | § § | |

## **MEMORANDUM AND RECOMMENDATION DENYING MOTION FOR DISMISSAL AND ORDER GRANTING MOTION FOR SANCTIONS AND SHOW CAUSE ORDER**

Before the Magistrate Judge upon referral from the District Judge is Defendants' "Motion for Dismissal of Plaintiff's Case for Want of Prosecution and Failure to Comply with Discovery Orders, or, Alternatively, Motion for Sanctions and Request for Issuance of Show Cause Order" (Document No. 30). In that motion, Defendants complain the Plaintiff has not filed its Disclosure of Interested Persons, has not provided them with its Mandatory Disclosures, has not adequately responded to Defendants' Requests for Production and Interrogatories, and has not complied with the Order granting Defendants' previously filed Motion to Compel. No response has been filed to the Motion for Sanctions.

Under Fed. R. Civ. P. 37(b), a party may be sanctioned for failing to comply with a discovery order. Such sanctions may include deeming certain matters admitted, prohibiting the use or introduction of certain evidence, striking pleadings or parts thereof, dismissing an action, entering a default judgment, and holding a party in contempt of court. While it is incumbent

upon a party seeking sanctions under Rule 37(b) to show that an order of the Court has not been obeyed, the harshest of sanctions are only available if there is a "clear record of delay or contumacious conduct" and the court determines that a lesser sanction is inadequate. *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992); *see also FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (the ultimate sanction of dismissal with prejudice is warranted only in extreme circumstances). In order to warrant the ultimate sanction of dismissal for a party's violation of a discovery order, several factors must generally be present:

> First, we have explained that "dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990). Further, we have noted that the violation of the discovery order must be attributable to the client instead of the attorney. *Id.* We have also held that the violating party's misconduct "must substantially prejudice the opposing party." *Id.* Finally, we have indicated that dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect. *Id.; see also Brinkmann*, 813 F.2d at 749.

*Conner*, 20 F.3d at 1380-81.

Here, the record shows that Plaintiff's counsel failed to attend the scheduling conference on December 5, 2012, never filed a Disclosure of Interested Persons, and never made the mandatory disclosures required by Fed. R. Civ. P. 26(a)(1)(A). On October 11, 2012, Defendant DSNI served on Plaintiff its First Requests for Production and Interrogatories, responses to which were due on November 15, 2012. Plaintiff failed to respond. DSNI then filed an Opposed Motion to Compel Discovery Responses. Again, Plaintiff failed to respond. On April 5, 2013, DSNI's Motion to Compel was granted and Plaintiff was ordered to respond "with complete responses, and all documents responsive to, Defendant's outstanding interrogatories and requests for production" and to "show cause why it should not have to pay the costs and fees incurred by

Defendant in connection with its Motion to Compel." (Document No. 24). Plaintiff filed a Response to the Court's Show Cause Order, stating "no objection to the Defendant's Motion to Compel," (Document No. 25), and belatedly filed its Answers to DSNI's First Requests for Production and Interrogatories. In its Answers, however, Plaintiff asserted objections to 48 Requests for Production and 7 Interrogatories. Exhibit A-2. Plaintiff later amended its Answers, but continued to assert objections to 24 Requests for Production. Exhibit A-4. Plaintiff then filed a Motion for Protective Order, seeking protection from the same discovery requests made the basis of the April 5, 2013, Order granting Defendant's Motion to Compel. The Motion for Protective Order was denied as follows: "Plaintiff cannot, with its after-the-fact Motion for a Protective Order, assert objections to discovery requests that should have been made long ago." (Document No. 29). Thereafter, while Defendant agreed to give Plaintiff until May 20, 2013, to comply with the Discovery order, Plaintiff has not done so.

Having considered "Motion for Dismissal of Plaintiff's Case for Want of Prosecution and Failure to Comply with Discovery Orders, or, Alternatively, Motion for Sanctions and Request for Issuance of Show Cause Order" (Document No. 30), the previously filed Motion to Compel, which was granted, Plaintiff's failure to respond to the motion, and Plaintiff's failure to participate in the discovery process and/or prosecute this case, the Magistrate Judge

RECOMMENDS that Defendants' "Motion for Dismissal of Plaintiff's Case for Want of Prosecution and Failure to Comply with Discovery Orders" (Document No. 30) be DENIED at this time. The Magistrate Judge, however, further

ORDERS that Defendants' "Alternative Motion for Sanctions and Request for Issuance of Show Cause Order" (Document No. 30) is GRANTED and Plaintiff shall, within 14 days after

the entry of this Order, pay as sanctions the amount of $2,500, which amount represents Defendants' reasonable attorneys fees for the filing of the Motion for Sanctions. In addition, Plaintiff shall, in a written submission to be filed no later than 14 days after the entry of this Order, show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Any failure to comply with this Show Cause Order will result in dismissal of this action.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas, to the Recommendation contained herein that Defendant's Motion for Dismissal be denied. Failure to file objections within such a period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 747 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir.1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 24th day of July, 2013.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE